DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
6167 Bristol Parkway, #325
Culver City, California 90230
Telephone:  (310) 337-1137
Facsimile:   (310) 337-1157
Email:  Donald@amamgbolaw.com

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone:  (510) 237-9700
Facsimile:   (510) 237-4616
Email:  Reggiet2@aol.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC TERRELL, individually and on behalf of all others similarly situated, | CASE NO.:  C11-03330 LB |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| **THE DIAL CORPORATION,** an Arizona corporation, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## INTRODUCTION

Plaintiff Eric Terrell, by and through his undersigned counsel, individually and on behalf of all California residents who purchased Dial Complete Antibacterial Hand Wash ("Dial Complete" or the "Product") during the class Period defined below (collectively "Plaintiff"), for his class Action Complaint against Defendant, The Dial Corporation ("Dial") on information and belief, the investigation of his counsel, and personal knowledge, states as follows:

## JURISDICTION AND VENUE

1.      This court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d)(2) because the matter in controversy, exclusive of interest and costs, exceeds $5,000,000 and is a class action in which some class members are citizens of states different from the state where the Dial Corporation is a citizen.

2.      Venue is proper in this court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District and Defendant:

a) is authorized to conduct business in this District and has intentionally availed itself to the laws and markets within this District through the promotion, marketing, distribution and sale of Dial Complete in this District;

b) currently does substantial business in this District; and

c) is currently subject to personal jurisdiction in this District.

## PARTIES

3.      At all times relevant to this matter, Plaintiff was and is a resident of Alameda County, California.  Plaintiff purchased Dial Complete from retail stores located in Alameda County on numerous occasions throughout the class period.  Plaintiff purchased and used Dial Complete because he saw and relied on the purported health benefits described by Defendant's website, advertising, and in-store media where he purchased Dial Complete, including product labeling.

4.      Plaintiff, on behalf of hisself and all California residents who purchased Dial Complete (the "class") during the class period, as further defined below, brings this class action against Defendant, The Dial Corporation.

5.      The Dial Corporation, the Defendant in this action, is incorporated in the State of Delaware and is headquartered in Scottsdale, Arizona.  Dial is a subsidiary of Henkel AG & Co., a Dusseldorf Germany-based, Fortune Global 500 Company.

## COMMON FACTUAL ALLEGATIONS

6.      Plaintiff's allegations are based in part on the investigation of counsel, including but not limited to reviews of advertising and marketing material, public filings, articles, journal actions, and other publicly available information, and thus on information and belief, except as to the individual actions of Plaintiff, as to which Plaintiff has personal knowledge.

### *Defendant's Deceptive Message*

7.      Defendant advertises, promotes and sells a broad range of branded products throughout California and the United States, including body washes, bar soap, liquid hand soap and hand sanitizers, including its Dial Complete line of products, that are the subject of this lawsuit.

8.      The Product contains **Triclosan** as its active ingredient, which was originally developed as a surgical scrub for medical professionals.  In recent years, it has been added to many consumer products such as soap and body washes, toothpaste, clothing, kitchenware, furniture and toys.

9.      Triclosan is a chorophenol, a class of chemicals that is suspected of causing cancer in humans. The Environmental Protection Agency ("EPA") has registered it as a pesticide and has rated it high for human health risk and environmental risk.

10.     Defendant's misleading marketing campaign begins with a deceptive name – Dial Complete – as it implies that it will completely protect you from germs.  Defendant's exhaustive

advertising campaign builds on this deception.  In truth, Defendant has no independent, competent and reliable support for these claims.

11.     Since 2001, Dial has deceptively and unfairly promoted the usage of Dial Complete to consumers as having special health benefits, including, but not limited to, being over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps, killing 99.99% of bacteria, kill 99.9% of illness-causing bacteria, reducing disease transmission by 50% compared to washing with plain soap, and killing more germs than any other liquid hand soap.

12.     Dial deceptively and unfairly claims and implies that Dial Complete's active ingredient, Triclosan, enables Dial Complete to outperform other soap products, thus allowing Dial Complete to perform at the levels indicated by Dial, to wit: killing 99.99% of bacteria, kill 99.9% of illness-causing bacteria, being over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps, and reducing transmission of diseases by 50% compared to washing with a plain soap. (*See* http://www.dialcomplete.com/complete_facts.html.)

13.     Dial deceptively and unfairly claims and implies that Dial Complete prevents and protects consumers from diseases and illnesses, including but not limited to infectious disease, diarrhea and nausea.

14.     In addition, as shown above, Dial deceptively and unfairly claims and implies that Dial Complete prevents and/or protects consumers from contracting: streptococcal infections that can lead to illness through skin contact and cause fever, throat or skin infections; among other symptoms; Salmonella, which can infect people and cause fever, diarrhea and abdominal cramps; E. Coli leading to infection causing severe bloody diarrhea and abdominal cramps;

Staphylococcus aureus leading to food poisoning and can cause nausea, vomiting, stomach cramps and diarrhea in as little as 30 minutes.

15.    Dial deceptively and unfairly claims and implies that the statements about Dial Complete's health benefits and the superiority in quality of Dial Complete are backed by a competent, credible, and reliable study.  The advertisements for Dial Complete fail to disclose the specific limitations of the Dial study including: (a) that only 2 strains of bacteria were tested and (b) there was no determination as to the development of immunity by the bacteria after repeated use.  Moreover, Dial's study was performed by Dial itself or a related entity, is not objective.

16.    In a promotional video targeting janitorial product suppliers, Defendant contends that Dial Complete has the "highest level of germ killing action", is the "#1 antibacterial foaming hand soap", and its "patented activated Triclosan formula" allows it to be "25x more effective than other antibacterial soaps."[1]

17.    Dial's marketing and advertising campaign sends an unmistakably clear, but an unconscionably deceptive and unfair message:  Dial Complete is more effective at killing germs, protecting the consumer from germs, and thus preventing illness and promoting good health, than washing with less expensive plain soap and water.

### Defendant's Message is False, Misleading Deceptive, Unfair and Unconscionable

18.    Defendant's advertising messages ignores the well-supported fact that

_____

[1]Dial Complete Foam promotional video, *available at*:

http://www.youtube.com/watch?v=TjmKuREfGmQ

washing with soap and water is just as effective as washing with Dial Complete, which contains Triclosan and is more expensive than plain soap.

19.     Dial's claims about Dial Complete's effectiveness and superiority are false, deceptive, unfair and unconscionable because there is not sufficient, competent and/or reliable scientific evidence and/or substantiation for Dial Complete's effectiveness and superiority claims.

20.     Specifically, Defendant has no competent, credible and reliable scientific evidence that is sufficient in quality and quantity based on standards generally accepted in the relevant scientific fields, when considered in light of the entire body of relevant and a reliable scientific evidence to substantiate the claims that Dial Complete is over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps, killing 99.99% of bacteria, kill 99.9% of illness-causing bacteria, reducing disease transmission by 50% compared to washing with a plain soap, and killing more germs than any other liquid hand soap.

21.     Defendant's purported scientific evidence is neither competent nor reliable scientific evidence.  Defendant does not possess any tests, analyses, research, or studies that have been conducted and evaluated in an objective manner.

22.     In fact, the competent and reliable scientific evidence indicates that Defendant's claims are false, deceptive, unfair and unconscionable.

23.     A study published on July 13, 2000, reported that Triclosan acts by inhibiting one of the highly conserved enzymes (enoyl-ACP reductase, or FabI) of bacterial fatty-acid biosynthesis.  Several key pathogenic bacteria do not have FabI.  This study described a Triclosan resistance flavoprotein, FabK such as Streptococcus pneumonia, which can cause

pneumonia or the infection that causes meningitis.  Richard J. Heath & Charles O. Rock, *Nature Journal*, No. 406, pp. 145-146, 7/13/00.

24.     Dial's advertising and messaging fails to mention and/or ward Plaintiff that repeated use of Dial Complete may cause his to develop bacteria immune to Triclosan.

25.     The Journal of the Annual Meeting of the American Medical Association ("AMA") in 2000 concluded the following:

> Conclusions: The use of common antimicrobials [i.e. Triclosan] for
> which acquired resistance has been demonstrated in bacteria as
> ingredients in consumer products should be discontinued, unless
> data emerge to conclusively show that such resistance has no
> impact on public health and that such products are effective at
> preventing infection.  Scientific research on the issue of
> antimicrobial resistance must continue to elucidate gaps in
> knowledge, particularly with respect to the use of common
> antimicrobials as ingredients in consumer products and its impact
> on the major public health problem of antibiotic resistance.

26.     In 2010 the AMA voted to retain this recommendation as still relevant.

27.     On March 20, 2001, Defendant received Patent No. US 6,204,230: *An antibacterial composition that has a 99% reduction in Gram positive and Gram negative bacteria.*  According to the patent application, the composition including Triclosan was tested against only four bacteria, **nowhere near 99% of the bacteria that is known to exist.**

28.     In March 2004, a study published in the *American Journal of Infection Control* concluded that, after testing the efficacy of 14 different hand hygiene agents including a hand

wash with 1% Triclosan, washing with plain soap and water was ***more effective*** than Triclosan after one wash. Sickert-Bennett, Weber, Gergen-Teague, Sobsey, Samsa, Rutala. *American Journal of Infection Control*; pp. 67-77.

29.     An August 2004 study published in *Antimicrobial Agents and Chemotherapy* collected hand cultures in houses using liquid hand soap containing 0.2% Triclosan (Dial Complete contains 0.2% Triclosan) to observe the presence of bacteria.  The study found that little evidence supported the notion that 0.2% Triclosan soap affords any benefit in the reduction of infectious symptoms, bacterial counts, or types of bacteria on the hands of individuals within the household setting in the developed world.

30.     In reviewing 27 studies conducted over the past 30 years, scientists from the University of Michigan, Columbia University, and Tufts University determined that soaps containing added ingredients such as Triclosan in liquid soap and Triclocarban in bar soap do not show a benefit above and beyond plain soap in the consumer environment.  The scientists concluded that "[t[he lack of an additional health benefit associated with the use of Triclosan-containing consumer soaps over regular soap, coupled with laboratory data demonstrating potential risk of selecting for drug resistance, warrants further evaluation by the government." Allison Aiello, *Consumer Antibacterial Soaps: Effective or Just Risky?* Clinical Infectious Diseases 2007; 45; S137-47.

31.     In 2005, the FDA concluded that antimicrobial soaps and sanitizers do not reduce the risk of illness and infection in the home.  The Canadian Pediatric Society and the American Medical Association have concluded similarly.

32.     In an April 8, 2010, "Consumer Update", the FDA stated that it does not have evidence that Triclosan-containing antibacterial soaps and body washes provide any extra health benefit over soap and water alone.

33.     Despite all evidence to the contrary, Dial continues to aggressively advertise Dial Complete as having substantial health benefits and being more effective in its use than ordinary soap and water.  This aggressive advertisement containing these deceptive, unfair, misleading, and unconscionable statements effectively induced millions of consumers in the U.S. to purchase Dial Complete in hopes of realizing these false gains.  These consumers exchange their money for a product that they were misled by Dial into purchasing for more money than plain soap. This was Dial's intention, and the deceptive, misleading, unfair, and unconscionable advertisements and messages were the means by which Dial sought to achieve its end: persuading consumers to purchase Dial Complete at a price premium compared to ordinary soap.

### Plaintiff's Reliance

34.     At all times relevant, Plaintiff heard, saw and relied upon various Dial product claims, promotions, commercials and advertisements for Dial Complete in making the decision to purchase said products.

35.     In reliance on the false, unfair, deceptive, and/or unconscionable and unfair promotion, label and advertising claims Plaintiff purchased Dial Complete.  However, unbeknownst to Plaintiff, at the time of purchase, there was, and still is, no reasonable basis in fact or substantiation for Dial's claims that Dial Complete "kills 99.99% of germs, is the "#1 Doctor Recommended" liquid hand wash, "kills more germs than any other liquid hand soap", is "over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid

hand soaps", and is "over 10x more effective at killing disease-causing germs than ordinary liquid soaps."

36.     Defendant's false statements of product quality and effectiveness would cause a reasonable person to believe such statements, and did, in fact, cause the Plaintiff to believe and rely upon such statements in making the decision to purchase Dial Complete.

37.     Plaintiff specifically relied on Dial's false, unfair, deceptive, and/or unconscionable claim that Dial Complete "kills 99.99% of germs, is the "#1 Doctor Recommended" liquid hand wash, "kills more germs than any other liquid hand soap", is "over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps", and is "over 10x more effective at killing disease-causing germs than ordinary liquid hand soaps."

38.     But for the false, misleading, deceptive, unfair and unconscionable statement, Plaintiff would not have purchased Dial Complete at a price premium, but instead, purchased the less expensive ordinary soap.

39.     Because Plaintiff relied upon the false, misleading, deceptive, unfair and unconscionable claims made by the Defendant, Plaintiff has been damaged in that he purchased Dial complete and has lost the money he would have spent purchasing such products, including paying a price premium, while being misled about the Product benefits and he either would not have purchased such products or would not have purchased them for the price that he paid but for his belief in their health benefits as advertised and claimed by Dial.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff seeks to represent the class defined below or class or classes further refined by the court.

41.     Plaintiff brings the claims asserted herein on behalf of a class defined as:

All California residents who purchased Dial Complete products

primarily for personal, family, or household use, within the

statutory limitations periods applicable to the herein-alleged causes

of action (including, without limitation, the period following the

filing of this action).  Excluded from the class are any judicial

officers presiding over this action, and Defendants, including their

officers, directors and employees. (the "class").

42.     Defendant's representations and omissions were material, were relied upon by Plaintiff and intended to be relied upon by the putative class, and resulted in damage to each and every class member as alleged.

43.     The exact number of members in the class identified above is not known, but it is reasonable to presume that the class is so numerous that joinder of individual members is impracticable.  Dial has sold millions of soap products, including Dial Complete soaps, using the misrepresentations complained of herein and all of these consumers are presumed to have relied upon Dial's uniform written misrepresentations concerning the efficacy of Triclosan containing antibacterial soaps and body washes.

44.     There are questions of law and fact are common to the proposed class, including, but not limited to, the following:

a) are the claims that Dial made and is making regarding Dial Complete false,

unfair, deceptive and/or unconscionable;

b) is Dial making claims that Dial Complete has certain performance

characteristics, uses or benefits that it does not have;

c) is Dial making claims that Dial Complete is of a particular standard, quality and/or grade, when it is not;

d) is Dial supplying Dial Complete not in accordance with its representations;

e) has Dial engaged in false, unfair, deceptive and/or unconscionable acts or practices in connection with a consumer transaction;

f) did Dial know at the time the consumer transaction took place that the consumer would not receive the benefit from the consumer product that Dial was claiming the consumer would receive;

g) did Dial know or should it have known that the representations and advertisements regarding Dial Complete was unsubstantiated, false and misleading;

h) did Dial engage in false, unfair, deceptive and/or unconscionable advertising;

i) did Dial use false, unfair deceptive and/or unconscionable representations in connection with the sale of goods;

j) did Dial's representations concerning the purported supporting study cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certification of goods;

k) did Dial represent that goods have a certain sponsorship, approval, characteristic, ingredient, use or benefit that they do not have;

l) did Dial represent that goods are of a particular standard, quality or grade when they are of another;

m) did Dial represent that the goods were available to the consumer for a reason that did not exist;

n) did Dial advertise goods with the intent not to sell them as advertised;

o) did Dial disparage the goods of another by false representations of fact;

p) did the Plaintiff and the class members that purchased Dial Complete suffer monetary damages and, if so, what is the measure of said damages;

q) are the Plaintiff and class members entitled to an award of punitive damages; and

r) are the Plaintiff and class members entitled to declaratory and injunctive relief?

45.     Plaintiff's claims are typical of the claims of the proposed class.  Indeed, Plaintiff's claims are identical or nearly identical to class members' claims.

46.     Plaintiff will fairly and adequately represent and protect the interest of the proposed class because, *inter alia*, Plaintiff's interests are not antagonistic to those of the class, and Plaintiff has retained counsel competent and experienced in the prosecution of this type of litigation.

47.     The questions of law and fact common to the class members, some of which are set forth above, predominate over any questions affecting only individual class members. Clearly, the predominate issues are whether Dial has sufficient substantiation for its claims concerning the efficacy of Dial Complete to remove 99.99% of germs through washing and whether Dial's marketing materials misrepresented the efficacy of Dial Complete at removing germs during washing.  Those issues are focused on the Defendants and predominate over any questions that may arise concerning individual class members.

48.     Adjudicating this matter as a class action is superior to other available methods for adjudication because, *inter alia*, the expense and burden of requiring consumers to

individually litigate these claims would make it impracticable or impossible for them to bring their claims would make it impracticable or impossible for them to bring their claims.

49.     This matter is manageable as a class action.  At most, the effective management of this case as a class action may require one or more simple sub-classes.  However, the use of sub-classes to manage class action litigation in a common practice, and this court is very adept at the use of sub-classes to manage class action litigation.

50.     Unless a class is certified, Defendant will retain monies received as a result of its conduct that were taken from Plaintiff and proposed class members.  Unless a class wide injunction is ordered, Defendant will continue to commit the violations alleged, and the class members and the general public will continue to be misled.

51.     Dial's unlawful conduct, including the unlawful acts described herein, and its continuing unlawful acts, are generally applicable to the class as a whole making final injunctive relief appropriate.

## FIRST CAUSE OF ACTION
### For violations of Consumer Legal Remedies Act
### California Civil Code § 1750, *et seq*.

52.     Plaintiff restates each and every paragraph of this Complaint as if fully set forth herein.

53.     This cause of action is brought pursuant to California Consumers Legal Remedies Act § 1750, *et seq*. (the "CLRA").

54.     Plaintiff is a consumer as defined by the CLRA.

55.     Defendant is a supplier or seller as defined by the CLRA.

56.     Defendant's conduct described herein involves consumer transactions as defined in CLRA.

57.     Plaintiff is further given the rights to bring the suit himself under Civ. Code §
1780 and on behalf of the class under § 1781.

58.     Defendant has engaged in deceptive practices, unlawful methods of competition,
and/or unfair acts as defined by Civ. Code § 1750, *et seq.* to the detriment of Plaintiff, members
of the general public and the class.  Plaintiff, the general public and class members have suffered
harm as a proximate result of the wrongful conduct of Defendant as alleged herein.

59.     Defendant intentionally, knowingly and unlawfully perpetrated harm upon
Plaintiff by the above-described facts.  To wit, Dial has made unlawful, unsubstantiated, and
patently deceptive claims that Dial Complete is proven to kill 99.99% of bacteria and being over
1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand
soaps.

60.     Dial makes the deceptive illness and disease prevention claims without competent
and reliable scientific evidence that is sufficient in quality and quantity based on standards
generally accepted in the relevant scientific fields.  This is especially the case when the relevant
science is considered in light of the entire body of relevant and reliable scientific evidence.
Dial's has no reliable scientific evidence, including tests, analyses, research, or studies that have
been conducted and evaluated in an objective manner.  Instead, Defendant relies on its own self-
funded and self administered study, which is not credible when compared to the entire body of
overwhelming, relevant and reliable studies to the contrary.

61.     In addition, Dial promotes that the active ingredient in Dial Complete, Triclosan,
is what sets Dial Complete apart from its competition and causes Dial Complete to be effective at
killing germs.  However, in actuality, the scientific studies discussed herein show that Triclosan

does not enhance the effect of hand and body sanitation and, may in fact cause individuals who use Triclosan-based products to develop bacteria that is immune to Triclosan.

62.     Accordingly, DIAL violated the CLRA by engaging in the following practices proscribed by the California Consumers Legal Remedies Act, §1770(a)(2)(3)(5)(7)(8) and (9) and in consumer transactions with the Plaintiff and the class, which were intended to result in, and did result in, the sale of Dial complete to the Plaintiff and Putative class:

(a)     The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:

(2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

(3) Misrepresenting the affiliation, connection, or association with, or certification by, another.

(5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have.

(7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

(8) Disparaging the goods, services, or business of another is false or misleading representation of fact.

(9) Advertising goods or services with intent not to sell them as advertised.

63.     The Defendant's policies and practices are unlawful, unethical, oppressive, fraudulent and malicious.  The gravity of the harm to all consumers and to the general public

from Defendant's policies and practices far outweighs any purported utility those policies and practices have.

64.     Pursuant to CLRA §1780(a), Plaintiff seeks an order enjoining Defendant from engaging in the methods, acts or practices alleged herein.

65.     Pursuant to CLRA § 1782, if Defendant does not rectify its conduct within 30 days, Plaintiff intends to amend this Complaint to add claims for:

> a) actual damages;

> b) restitution of money to Plaintiff, the general public and class members;

> c) punitive damages;

> d) attorneys' fees and costs; and

> e) other relief that this court deems proper.

**SECOND CAUSE OF ACTION**
**For Violations of Unfair Business Practice Act**
**California Business and Professions Code § 17200 *et seq*.**

66.     Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

67.     For the reasons discussed herein, Defendants have engaged in unfair competition and prohibited activities.  Unfair competition includes any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by California Bus. & Prof. Code § 17200 and specifically § 17508(a) because Defendants made: "false or misleading advertising claim, including claims that (1) purport to be based on factual, objective, or clinical evidence, (2) compare the product's effectiveness… to that of other brands or products, or (3) purport to be based on any fact."

68.     Plaintiff and the class seek equitable relief and to enjoin Defendants on the terms that the court considers reasonable.

69.     Pursuant to Cal. Bus. & Prof. Code § 17200 *et seq*., Plaintiff and the class seek an order enjoining the above-described wrongful acts and practices of the Defendants and for restitution and disgorgement.

70.     Pursuant to Cal. Bus. & Prof. Code § 17200 *et seq*., this Complaint will be served upon the California Attorney General, and Director of Consumer Affairs.

## THIRD CAUSE OF ACTION
### For Breach of Contract

71.     Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

72.     Plaintiff and each class member formed a contract with Defendant.  The terms of that contract include the promises and affirmations of fact made by Defendant in its marketing and sales materials as described above, that became part of the basis of the bargain, and are part of a standardized contract between Plaintiffs and class members on the one hand, and Defendant on the other.

73.     Plaintiff performed all, or substantially all, of the significant things that the contract required him to do by tendering payment for the Dial Complete.

74.     Defendant breached the terms of its sales contract with Plaintiff and class members by promising to provide a Dial Complete product that conformed to the promises and affirmations of fact replete throughout Defendant's aggressive sales and marketing materials, but the failed to provide a product measuring up to these promises and affirmations of fact.

75.     As a result of Defendant's breach of their contract, Plaintiff and the other class members have been damaged.

## FOURTH CAUSE OF ACTION
### For Unjust Enrichment

76.     Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

77.     Plaintiff argues, in the alternative to finding a Breach of Contract that it is unjust to allow Defendant to retain the profits from its deceptive, misleading, and unlawful conduct alleged herein without providing compensation to Plaintiff and the class members.

78.     Defendant's deceptive, misleading, and unlawful advertisements and other communications wrongly induced Plaintiff into purchasing Defendant's Dial Complete, the proceeds of which went unjustly to Defendant.  Defendant retained the benefits of this (these) purchase(s) without compensating Plaintiff, who conferred this (these) benefits on Defendant.

79.     Defendant's conduct created between Defendant and Plaintiff in a quasi-contract, through which Defendant received a benefit from Plaintiff without providing compensation to Plaintiff in exchange.

80.     Plaintiff sustained a loss because Plaintiff did not receive the benefit for which he paid – an antibacterial hand soap that conformed to the performance promised throughout Defendant's advertisements, commercials, and other media communications.  Defendant received a gain because it accepted payment; this gain is unjust because Defendant did not provide in exchange for the payment a product that conformed to Defendant's promises.

81.     Plaintiff and the class members are entitled to restitution of, disgorgement of, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by the Defendants from their deceptive misleading, and unlawful conduct.

## FIFTH CAUSE OF ACTION
### For Common Law Fraud

82.     Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

83.     Defendants have made misrepresentations and omissions of facts material to Plaintiff's and class members' decisions to purchase Dial Complete as set forth in detail above by using deceptive, misleading, and unlawful advertisements and other communications, and through its omissions of fact, to wrongly induce Plaintiff into purchasing Defendant's Dial Complete.

84.     Defendants knew at the time that it made these misrepresentations and omissions that they were false or that Defendants had failed to disclose facts it was obligated to disclose in order to make its other representations not misleading.  Defendants were aware that Plaintiff and class members would rely on these misrepresentations and omissions, and that such representations were material in the Plaintiff's and class members' decisions to purchase Dial Complete.

85.     Plaintiff and the class reasonably relied upon Defendants' misrepresentations and omissions of material fact.  Plaintiff and the class had no reason to doubt the veracity or validity of the information Defendants have promoted through its marketing and sales strategies.

86.     Defendants' misrepresentations and omissions of material fact directly and proximately caused Plaintiff's and the class' damages.

87.     By virtue of the fraud they perpetrated on Plaintiff and the class, Defendants are liable to Plaintiff and the class for all damages Plaintiff and the class have sustained, plus punitive damages, plus the cost of this suit, including attorneys' fees.

## SIXTH CAUSE OF ACTION
### For Breach of Warranty

88.     Plaintiff restates each and every paragraph of this Complaint as if fully rewritten herein.

89.     Defendant asserts promises and affirmations of fact throughout its advertisement of Dial Complete.  The Statements described in detail in the previous paragraphs were each designed to induce in Plaintiff a belief that the Dial Complete was superior in both quality and effectiveness.  The specific statements and facts prevalent throughout Defendant's advertisements were more than just mere puffery; they were orchestrated to produce reliance in Plaintiffs on these misrepresentations when deciding to purchase the Dial Complete.  Moreover, these promises and affirmations of fact were not merely Defendant's opinion on its own product; rather, these promises and affirmations allegedly are the product of a scientific study and conclusive evidence.

90.     Dial breached the applicable warranties, express and implied, and is therefore liable to Plaintiff by failing to provide a product that conformed to its promises and affirmations; specifically, a product that kills 99.99% of bacteria, kills 99.9% of illness-causing bacteria, is over 1,000 times more effective at killing disease-causing germs than other antibacterial liquid hand soaps, reduces transmission of diseases by 50% compared to washing with a plain soap, and otherwise prevents and protects consumers from contracting illnesses and diseases.

91.     As a direct and proximate result of Defendants' warranty breach, the named Plaintiff and the class members were caused to suffer and continue to suffer immediate damages and loss in the form of purchasing a product to ensure their health and safety when in fact said product does not have the health and other benefits advertised and warranted by Dial.

## PRAYER FOR RELIEF

**WHEREFORE**, the representative Plaintiff, on behalf of himself and the class members defined herein, prays for judgment against the Defendant as follows:

A. For an order certifying this action and/or common issues raised herein as a "Class Action" under the appropriate provision of Federal Rule of Civil Procedure 23; designating Class Representatives; and appointing the undersigned to serve as class counsel;

B. For notice of class certification and of any other relief to be disseminated to all class members and for such other further notices as this court deems appropriated under Fed. R. Civ. P. 23(d)(2);

C. For an order requiring complete and immediate disclosure of all studies, reports, analyses, data, compilations, and other similar information within the possession, custody, or control of Defendant concerning, relating to, or involving the purported effectiveness of Dial Complete;

D. For an order barring Defendant from destroying or removing any computer or similar records that record evidence related to the purported health benefits of Dial Complete;

E. For an order barring Defendant from attempting, on its own or through its agents, to induce any putative class members to sign any documents which in any way releases any of the claims of any Putative Class Members;

F. For an award of compensatory damages in the amount to be determined for all injuries and damages described herein;

G. For an award of punitive damages to the extent allowable by law, in an amount to be proven at trial;

H. Awarding restitution and disgorgement of Dial's revenues to the Plaintiff and the proposed class members;

I. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with court supervision, victims of its conduct and pay them restitution and disgorgement of all monies acquired by Defendant by means of any act or practice declared by the court to be wrongful;

J. Compelling Dial to engage in a corrective advertising campaign;

K. Awarding attorneys fees and costs; and

L. Providing such other relief as may be just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Williams hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

Dated: July 4, 2011

THE TERRELL LAW GROUP
AMAMGBO & ASSOCIATES

_____
REGINALD TERRELL, ESQ.

DONALD AMAMGBO, ESQ.
AMAMGBO & ASSOCIATES
6167 Bristol Parkway, #325
Culver City, California 90230
Telephone:  (310) 337-1137
Facsimile:   (310) 337-1157

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone:  (510) 237-9700
Facsimile:   (510) 237-4616